UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

JS-6

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0780-DOC (RNBx)     Date: June 17, 2013

Title: ANSELMO SOTO V. THE KROGER COMPANY

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                          None Present

**PROCEEDING: (IN CHAMBERS):     ORDER REMANDING CASE AND VACATING ORDER TO SHOW CAUSE WHY THIS COURT HAS JURISDICTION**

This Court previously ordered Defendant The Kroger Company ("Defendant," or "Kroger") to show cause why this case should not be remanded (Dkt. 23). In accordance with the Court's Order, Kroger filed a brief (Dkt. 24), along with counsel's declaration and copies of six Trials Digests from Westlaw to support finding that the amount in controversy at the time of removal was greater than $75,000, Szumiak Decl. Regarding Amount in Controversy (Dkt. 24-2, "Szumiak Decl.").

For the reasons below, the Court finds that this case must be remanded to state court. Specifically. Kroger has not shown by a preponderance of the evidence that the amount in controversy requirement was met based on circumstances at the time of removal. Thus the Court VACATES the Order to Show Cause and REMANDS this case.

**I.     Background**

Plaintiff Anselmo Soto ("Plaintiff") began working for Kroger in February 2010. Compl. ¶ 5 (Dkt. 1, Ex. 1).[1] He worked as a sanitation technician at Kroger's La Habra Bakery. *Id.* Kroger issued Plaintiff a license for operating a forklift and an aerial lift. *Id.* ¶

---

[1] Because the Court's inquiry must focus on the amount in controversy at the time of removal, *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997), the factual recitation draws from the facts as alleged in the Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0780-DOC (RNBx)                      Date: June 18, 2013
                                                                                                                                  Page 2

6. The main contention on this lawsuit is that Plaintiff says he was not trained properly, to operate those lifts. *Id.* ¶ 9. In March 2011, when Plaintiff told a supervisor, Carlos Cortes, that he could not do an assigned task that required him to operate lifts, Cortes lost his temper and took Plaintiff's concerns as a refusal to do his job. *Id.* ¶¶ 6, 10-14. Cortes suspended Plaintiff for a week without pay. *Id.* ¶ 15.

Plaintiff filed a grievance through his union, and complained that Cortes was not actually certified by the Occupational Safety and Health Administration ("OSHA") to issue licenses or train employees. *Id.* ¶¶ 16-18. Cortes then had to acquire OSHA certification. *Id.* ¶¶ 19-20. After he did so, he then became hostile toward Plaintiff and would assign him to undesirable projects. *Id.* ¶ 24.

Plaintiff asked again for proper training for using the lifts. *Id.* ¶ 26. In September 2011, Cortes showed Plaintiff a training video and gave him a quiz on using the lifts. *Id.* ¶ 27. He also had brief hands-on training that "lasted a mere few minutes." *Id.* ¶ 32. Cortes then required Plaintiff to sign a document that said Plaintiff had received proper hands-on training, which was not true. *Id.* ¶¶ 28-29. Plaintiff alleges that other employees trained by Kroger had hands-on training that included two hours. *Id.* ¶ 31.

On November 14, 2011, Cortes assigned Plaintiff a task that required using the lifts. *Id.* ¶ 34. After Plaintiff told a foreman that he was uncomfortable doing that task because he had not been properly trained, Cortes lost his temper, read Plaintiff's concerns for safety as a refusal to do his job, and referred Plaintiff to Kroger's human resources department for termination. *Id.* ¶¶ 35-38. Plaintiff was then fired, and Kroger did not properly list the details of his firing on its required paperwork. *Id.* ¶¶ 40-54.

Plaintiff believed that after he was fired, Cortes and a Kroger human resources representative told certain third parties that Plaintiff was dishonest and had committed fraudulent acts, including telling the Employment Development Department of the State of California. *Id.* ¶¶ 55-57.

Plaintiff sued in state court on April 6, 2012. Plaintiff alleged that he lost pay, benefits, income, and future earnings. *Id.* ¶ 58. He suffered mental and severe emotional distress. *Id.* He sued for wrongful termination, retaliation, intentional infliction of emotional distress and defamation. *Id.* ¶¶ 59-103. Plaintiff sought punitive damages, as well as attorneys' fees. Compl. at 11-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0780-DOC (RNBx)                              Date: June 18, 2013
                                                               Page 3

Kroger removed this case on May 14, 2012, about six months after it had fired Plaintiff. Not. of Removal (Dkt. 1). A Kroger human resources employee filed a declaration that Plaintiff was earning $16.70 per hour at the time he was fired, and had earned about $33,127 in 2011. *Id.* ¶ 8 (citing Gonzalez Decl. (Dkt. 4)). Kroger also cited the fact that Plaintiff sought (1) punitive damages; and (2) damages for his emotional distress in excess of the minimum jurisdictional limit for Superior Court, which is $25,000. *Id.* ¶¶ 9-10.[2]

### II.     Legal Standard

A district court has diversity jurisdiction over any civil action between citizens of different states so long as the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*; 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Where a complaint does not make clear the amount of damages sought, the removing defendant's burden of proof is by a preponderance of the evidence. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The Court may consider facts in the removal petition, and "'any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995). The Court weighs Defendant's evidence against any countervailing evidence showing that the amount in controversy falls below $75,000. *See Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 137 n.9 (1997) (When applying the preponderance standard, a court considers "how convincing the evidence in favor of a fact [is] in comparison with the evidence against it before that fact may be found.").

The amount in controversy may include damages for emotional distress, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), as well as punitive damages when they are recoverable as a matter of law. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th

---

[2] There is no sign that the diversity of the parties is at issue. Kroger is a citizen of Ohio, .*id.* ¶ 5 and Plaintiff is a citizen of California, Compl. ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0780-DOC (RNBx)            Date: June 18, 2013
           Page 4

---

Cir.2001). To establish probable emotional distress and punitive damages, defendant may introduce evidence of jury verdicts from cases with analogous facts. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).

### III. Discussion

#### a. Wages and benefits

Jurisdiction based on removal "depends on the state of affairs when the case is removed." *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938)); *see also Singer,* 116 F.3d at 377. Thus, Kroger is not persuasive when it argues that wages up until the present should be included in the amount in controversy. *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 273 (7th Cir. 2001) ("The amount *in controversy* is whatever is required to satisfy the plaintiff's demand, in full, on the date suit begins."). The Court noted, when it ordered Kroger to brief the issue of remand, that the Court's rough math showed lost wages amounted to about $16,000 at the time of removal. Order to Show Cause at 2. In response, Kroger has simply submitted calculations for the current facts of the case: Plaintiff still has not found work and, assuming the case goes to trial, Kroger argues for lost wages and benefits of about $83,400 by the date of trial. D. Br. at 3.

Where the guiding principle is to measure amount in controversy at the time of removal, and where Defendant bears the burden of proof on the issue, that burden is not met by merely pointing to the current picture of lost wages. Thus, assuming a wage of $17 per hour, a 40-hour work week, and six months (26 weeks) jobless, the amount in controversy at removal was about $17,680 in wages, and about $4,777 in lost benefits. *See* D. Br. at 3 n.1. That totals $22,457. Even assuming, as one logically would, that lost wages would increase as the case went on, Kroger still has a considerable gap to close to reach a $75,000 amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1032 (measuring lost wages as of removal, noting that this amount would increase, but declining to project further lost wages by the time of trial).

#### b. Emotional distress and punitive damages

Kroger removed this case based in part on Plaintiff's request for emotional distress damages in excess of the $25,000 minimum jurisdictional limit for Superior Court, as well as punitive damages. Not. of Removal at 3-4. As the Court noted when it issued its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0780-DOC (RNBx)            Date: June 18, 2013
                                                                                         Page 5

Order to Show Cause, the mere fact that a complaint seeks emotional damages and punitive damages "in excess" of a particular amount is not sufficient to establish an amount in controversy. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient.") (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)).

      However, a defendant can show the amount in controversy by introducing evidence of jury verdicts in cases with analogous facts. 209 F. Supp. 2d at 1033; *see also Kroske*, 432 F.3d at 980. To do so, Kroger attaches six Westlaw Trial Digests and cites various other cases with damages for emotional distress. Here Defendant's attached verdicts are from "lawsuits involving claims for wrongful termination in violation of public policy." D. Br. at 3. Emotional distress damages in those cases range from $55,000 to $1.5 million. *Id.*

      But the showing here must be for cases with analogous facts, not simply cases where the defendant fired the plaintiff. Kroger has not made any attempt to explain why the cases it cites have sufficiently similar facts to this case. To satisfy its burden to show emotional distress damages by a preponderance of the evidence, Kroger has cited to termination cases with fact patterns about:

- age discrimination and being fired after being injured on the job;[3]
- discrimination for being pregnant;[4]
- retaliation for threatening to report a pharmacy to the Food and Drug Administration;[5]
- repeated racial discrimination, and retaliation for complaining about that discrimination;[6]
- a plaintiff falsely identified as under investigation for taking kickbacks, and then fired after providing investigating authorities information about wrongdoing by others;[7]

---

[3] *Kolas v. Access Business Group LLC*, 9 Trials Digest 11th 13, 2008 WL 496470 (Cal. Super. Ct. January 14, 2008).
[4] *Lopez v. Bimbo Bakeries USA Inc.*, 49 Trials Digest 10th 7, 2007 WL 4339112 (Cal. Super. June 21, 2007).
[5] *Liberatore v. CVS New York, Inc.*, 160 F. Supp. 2d 114, 115 (D.D.C. 2001).
[6] *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 807, 89 Cal. Rptr. 2d 505, 508 (1999).
[7] *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0780-DOC (RNBx)            Date: June 18, 2013

Page 6

- sexual harassment and retaliation for complaining about the harassment;[8]
- employee who suffered retaliation after she went on medical leave and was accused of stalking and spying on other employees;[9]
- truck drivers fired after they filed a lawsuit over a company's various wage and hour violations;[10]
- an employee of 29 years fired in part because she had a mental disability;[11]
- and a hotel general manager whose reign of terror included disciplining employees for alleged mistakes that happened while they were not even at work, and trying to fire an employee on medical leave for a stroke.[12]

From the Complaint and its pled facts at the time of removal, this case appears to be a fundamental disagreement about how much training was enough for Plaintiff to reasonably feel comfortable using various lifts. *See* Compl. ¶¶ 28-32. There is no indication of sexual harassment, racial discrimination, or punishment of employees with illness. It appears Kroger has thrown cases at the wall, hoping one sticks.

      Thus, for the reasons above, the Court finds that Kroger's argument about emotional distress damages does not its burden to show the remaining amount in controversy is met.

### c. Punitive damages and attorneys' fees

      Kroger argues that punitive damages "could be permissible under California law." D. Br. at 3, 5 (citing *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 176 (1980). But it does not cite a proposed reasonable amount, and relies on the same cases cited for emotional damages, again without analogizing facts from those cases to this case.

      A *Tameny* claim allows tort damages where an employer firing an employee violates fundamental principles delineated in constitutional or statutory provisions. *Green*

---

[8] Kelley vs. Merle Norman Cosmetics, 18 Trials Digest 16th 15, 2013 WL 1898806 (Cal. Super. Ct. March 15, 2013); *Charco v. Medical Management Network*, 47 Trials Digest 15th 11, 2012 WL 5943146 (Cal. Super. Ct. May 8, 2012).
[9] *O'Connor v. UHS-Corona Inc.*, 34 Trials Digest 14th 11, 2011 WL 3606915 (Cal. Super. Ct. January 20, 2011).
[10] *Andrews v. Hansa Stars Inc.*, 25 Trials Digest 12th 14 (Cal. Super. Ct. April 16, 2009).
[11] *Greta L. Anderson v. Am. Airlines Inc.*¸ 2008 WL 3166832 (N.D. Cal. July 17, 2008).
[12] *Castro v. Woodfin Suites Hotelsl LLC*, 42 Trials Digest 11th 9, 2008 WL 4613608 (Cal. Super. Ct. July 15, 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0780-DOC (RNBx)            Date: June 18, 2013

           Page 7

---

*v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 71 (1998) (citing *Gantt v. Sentry Ins.* 1 Cal. 4th 1083, 1095 (1992). Assuming Plaintiff could satisfy *Tameny* and the requirements of California Civil Code § 3294,[13] then Kroger's argument is that even "a very minimal amount of punitive damages" would be enough to exceed the jurisdictional amount.

       This argument fares no better than the one made for emotional damages. For both types of damages, Kroger has made the basic point that these damages are available, and were awarded in cases with widely varying facts. It remains unclear what analogous facts should lead the Court to conclude that the amount in controversy at removal was greater than $75,000, and here Plaintiff has a number of hoops to jump through because of *Tameny* and Section 3294.

       Finally, the Court notes that there is no argument made here that attorneys' fees are authorized by a statute. If they were, then those possible fees would form part of the amount in controversy, *see Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998), and the Court would have to decide whether to include fees incurred after removal, *see Reames v. AB Car Rental Servs., Inc.*, 899 F. Supp. 2d 1012, 1018-19 (D. Or. 2012) (noting split of authority in Ninth Circuit on that issue).

### IV.    Conclusion

       Plaintiff brought a case that, at the time of removal, put into controversy about $22,000, along with an unknown potential for other damages. Defendant Kroger has not made the required showing by a preponderance of the evidence that these other damages pushed the amount in controversy over $75,000.

       Accordingly, the Court vacates its Order to Show Cause and REMANDS this case to Orange County Superior Court, Case No. 30-2012 00559959.

       The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                               Initials of Deputy Clerk:
jcb

---

[13] For example, by showing by clear and convincing evidence that Kroger was guilty of oppression, fraud, or malice. Cal. Civ. Code § 3294(a).